**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

FILED

COMMUNITY HEALTH CENTER, INC.,                Nov 10   3 26 PH '03
ET AL.                                :        Lead Docket No. 3:01cv146 (JBA)
    *Plaintiffs*               :        U.S.D.C./ New Haven DISTRICT COURT
                                      :                           NEW HAVEN, CONN.
   v.                          :
                                      :
STATE OF CONNECTICUT, ET AL.          :
    *Defendant*               :        November 7, 2003


## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS

### BACKGROUND

On May 13, 2003, the defendant, Patricia Wilson-Coker, Commissioner of the State of

Connecticut Department of Social Services, issued a subpoena to the United States Department

of Health and Human Services, Centers for Medicare and Medicaid Services (CMS) at that

agency's regional office in Boston, Massachusetts. The defendant's subpoena required the

production of all documents within the possession, custody or control of CMS that addressed or

related to two specified "comments" and two "responses" that were published in the Federal

Register dated April 3, 1996. These comments and responses related to the use of productivity

standards in connection with establishing payment rates for federally qualified health center

(FQHC) services, such as those provided by the plaintiff in the instant action. The subpoena,

which was issued by the United States District Court for the District of Connecticut, called for

production of the documents on June 15, 2003 at the Office of the Attorney General in Hartford,

Connecticut (a copy of the defendant's subpoena is attached hereto as Exhibit A).

On May 21, 2003, defendant's counsel received a telephone call from Assistant U.S.

Attorney Lauren Nash concerning the defendant's subpoena. Attorney Nash stated that CMS

intended to comply with the subpoena, however it required additional time, another sixty days, to produce the responsive documents. The plaintiff Community Health Center, Inc. had issued its own subpoena in May, 2003, and had received a similar request from the U.S. Attorney's Office to extend the time for production. In light of these requests, the plaintiff and defendant jointly requested a modification of this Court's April 11, 2003 Scheduling Order, which request was granted.

CMS produced documents responsive to the defendant's subpoena on or about August 7, 2003. In a cover letter accompanying the documents, counsel for CMS indicated that certain unspecified documents were being withheld on the basis of, among other things, the deliberative process privilege (a copy of the August 7, 2003 cover letter is attached hereto as Exhibit B). On the basis of information contained in the disclosed documents, depositions of CMS officials were held in Baltimore, Maryland on September 25, 2003.[1] At the September depositions, counsel for CMS indicated that there was one document responsive to the defendant's subpoena that had not been disclosed and that this document was being withheld on the basis of the deliberative process privilege.

As a result of information obtained during the September depositions, the parties concluded it was necessary to conduct further discovery and a deposition was conducted of a CMS official at the agency's regional offices in Boston, Massachusetts on October 22, 2003. In connection with that additional discovery, a third modification to the Scheduling Order, dated October 15, 2003, was requested and granted.

---

[1] These depositions were originally scheduled for August, 2003, but had to be rescheduled due to the serious illness of one of plaintiff's counsel's parents. This also resulted in a second request for modification of the Court's Scheduling Order, which was granted on August 28, 2003.

2

Under cover letter dated October 20, 2003, which was after the submission of the third motion to amend the Scheduling Order, CMS provided the parties with additional documents responsive to the parties' subpoenas.  CMS also provided a privilege log for documents being withheld on the basis of the claimed deliberative process privilege.  In the cover letter, CMS acknowledged its previous agreement to respond to the subpoenas (a copy of the October 20, 2003 letter and the privilege log are attached hereto as Exhibit C).

In a telephone conversation with defendant's counsel on October 21, 2003,  Attorney Paul Soeffing, counsel for CMS, indicated that subsequent to the September depositions, a CMS staff member found additional documents responsive to the parties' subpoenas.  According to CMS' counsel, the last seventeen documents listed on page four of the privilege log, i.e., the documents from Bates numbers 000251 through 000631, relate to the Federal Register comments and responses that are the subject of the defendant's document production subpoena.

## ARGUMENT

### I. CMS Has Not Demonstrated That The Deliberative Process Privilege Applies To The   Documents In Question

"To qualify for the deliberative process privilege, a document must be both 'predecisional ' and 'deliberative.'   A document is predecisional when it is 'prepared in order to assist an agency decisionmaker in arriving at his decision.'"  *Grand Central Partnership, Inc. v. Cuomo*, 166 F.3d 473, 482 (2d Cir. 1999)(internal citations omitted).  A document will be considered "predecisional" if the agency can also "(1) pinpoint the specific agency decision to which the document correlates…and (ii) verify that the document precedes, in temporal sequence, the decision to which it relates.  Finally, the privilege does not protect a document which is merely peripheral to actual policy formation; the record must bear on the formulation or exercise of policy-oriented judgment." Id.  (omitting internal citations and quotations).  Courts

3

must examine whether the document at issue "(i) formed an essential link in a specified consultative process, (ii) reflects the personal opinions of the writer rather than the policy of the agency, and (iii) if released, would 'inaccurately reflect or prematurely disclose the views of the agency." Id.

The privilege does not cover factual material, even if it is used in the determination of policy. *Grand Central Partnership v. Cuomo*, supra at 482. The privilege also does not extend to materials related to the explanation, interpretation or application of an existing policy, as opposed to the formulation of a new policy. *Judicial Watch, Inc. v. HHS*, 27 F.Supp.2d 240, 245 (D.D.C. 1998); *Resolution Trust Corp. v. Diamond*, 137 F.R.D. 634, 641 (S.D.N.Y. 1991). The agency claiming the privilege must provide precise and certain reasons for preserving the confidentiality of the information. *Resolution Trust Corp. v. Diamond*, supra at 641. The claim of privilege must specifically describe the information that is purportedly privileged. Id.

The documents at issue, i.e., the last seventeen items listed on page four of the CMS privilege log, have been acknowledged by CMS to be responsive to the defendant's subpoena. That subpoena called for the production of documents relating to two comments and two responses in the Federal Register dated April 3, 1996. These comments and responses, in turn, related to the use of productivity standards or screens in the Medicare program for purposes of determining payment to FQHCs.

The defendant contends that the limited information contained in the CMS privilege log is insufficient to establish the applicability of the deliberative process privilege. By way of example, a number of the seventeen documents are described as containing ""handwritten notes" or "comments." It is not at all clear that such notes or comments do not contain factual material, as opposed to, or in addition to, personal opinions. It is equally unclear that these documents do

4

not relate to the explanation or interpretation of existing policy. The policy of utilizing

productivity screens for Medicare reimbursement had been established long before any of the

documents in question were created.

### II. Even If The Deliberative Process Privilege Were Applicable To The Documents In Question, CMS Should Be Required To Disclose Those Documents

"The deliberative process privilege is not absolute. Once the privilege is established, the

court must balance the interests supporting and opposing the disclosure." *Mr. & Mrs. "B" v.*

*Board of Education Syosset School District*, 35 F.Supp2d 224, 228 (E.D.N.Y. 1998). "In federal

actions, discovery should be broad, and all relevant materials which are reasonably calculated to

lead to the discovery of admissible evidence should be discoverable...[The deliberative process

privilege is],, however, qualified and as such must be balanced against a litigant's substantial

need for the information at issue." *National Congress for Puerto Rican Rights v. City of New*

*York*, 194 F.R.D. 88, 92 (S.D.N.Y. 2000). In balancing these interests, "[f]oremost is the interest

of the litigants, and ultimately of society, in accurate judicial fact finding. *Mr. & Mrs. "B" v.*

*Board of Education Syosset School District*, supra at 229. Thus, even if the privilege applies,

the requesting party may still be able to obtain the documents as part of discovery.

The defendant believes the balance clearly tilts in favor of disclosure to the parties of any

information that might shed additional light on the utilization of the 4200 visit physician

productivity standard by the Medicare program for FQHC payment. Utilization by the State of

Connecticut of a 4200 visit productivity standard not only is related to the issues before this

Court, it is the sole issue in the case. Even if CMS were able to identify some legitimate concern

it had relating to any of the withheld documents, the Court could fashion an appropriate order

that would recognize that concern while still promoting the paramount interest in accurate

judicial fact finding.

5

## CONCLUSION

Since the agency claiming the deliberative process privilege has failed to establish the applicability of that privilege, and since the interest of accurate judicial fact finding warrants production of the withheld documents, the defendant requests that the Court grant defendant's Motion to Compel the production of these documents. Any such order could provide for any legitimate concern CMS may identify. Alternatively, the defendant requests that the Court order the submission of the documents to the Court for an in camera review and determination as to whether these documents may be withheld on the basis of the deliberative process.

DEFENDANT

PATRICIA WILSON-COKER,
COMMISSIONER, STATE OF
CONNECTICUT, DEPARTMENT OF
SOCIAL SERVICES

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Thomas J. Ring
Assistant Attorney General
Federal Bar No. ct08293
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120
Tel: (860) 808-5210
Fax: (860) 808-5385
Thomas.Ring@po.state.ct.us

6

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed in accordance with Rule 5(b) of

the Federal Rules of Civil Procedure on this 7TH day of November, 2003 to:

Attorney Richard R. Brown
Brown, Paindiris & Scott
100 Pearl Street
Hartford, CT 06103

Attorney James L. Feldesman
Feldesman, Tucker, Leifer, Eidell and Bank, LLP
2001 L Street, N.W.
Washington, D.C. 20036

Attorney Paul E. Soeffing
Department of Health and Human Services
Office of the General Counsel
Centers for Medicare and
Medicaid Services Division
C2-05-23 Central Building
7500 Security Boulevard
Baltimore, MD 21244-1850

Thomas J. Ring
Assistant Attorney General

7

## Issued by the
# UNITED STATES DISTRICT COURT

——————————————— DISTRICT OF ———————————————
Connecticut

Community Health Center, Inc.

### V.

Patricia Wilson-Coker,
Commissioner, State of Connecticut
Department of Social Services

# SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1] 3:01CV146(JBA)

TO: U.S.Department of Health & Human Services,Centers for Medicare & Medicaid Services

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

    See Attachment A

| PLACE Office of the Attorney General, State of Connecticut<br>55 Elm Street, P.O. Box 120<br>Hartford, CT 06141-0120    Attn: Thomas J. Ring,AAG | DATE AND TIME June 15, 2003<br>3:00 p.m. |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Attorney for Defendant | DATE |
| --- | --- |
| *[signature]* | May 13, 2003 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER Thomas J. Ring, AAG<br>Office of the Attorney General<br>55 Elm Street, P.O. Box 120, Hartford, CT 06141-0120 | (860) 808-5210 |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

Exhibit A

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | ✗ May 15, 2003 | Centers for Medicare & Medicaid Services Region 1 JFK Federal Building Government Center, Boston, MA 02203 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| U.S. Department of Health & Human Services, Centers for Medicare & Medicaid Services | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Cecilia Dahl | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on __May 15, 2003__    ✗
DATE

✗ _____
SIGNATURE OF SERVER

22 MT. Vernon Street #3
ADDRESS OF SERVER

Charlestown, MA 02129

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

COMMUNITY HEALTH CENTER, INC.  :  CIVIL ACTION NO.
    *Plaintiff*  :  3:01cv146 (JBA)
     :
    v.  :
     :
PATRICIA WILSON-COKER,
COMMISSIONER, STATE OF
CONNECTICUT DEPARTMENT
OF SOCIAL SERVICES  :
    *Defendant*  :

## ATTACHMENT A:  SUBPOENA TO U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, CENTERS FOR MEDICARE AND MEDICAID SERVICES

1. Any and all documents within the possession, custody or control of the U.S. Department of Health and Human Services, Centers for Medicare and Medicaid Services (hereinafter, CMS), wherever located, that in any way address or relate to the following "Comment" which was published in the Federal Register dated April 3, 1996 as part of the Health Care Financing Administration's (hereinafter, HCFA) "Final rule" entitled "Medicare Program; Payment for Federally Qualified Health Center Services" (61 F.R. 14640, 14650):

> *Comment:* A number of commenters stated that the screening guidelines are not appropriate for all FQHCs. For instance, a commenter stated that, without special attention, small rural health centers and those in frontier areas would be penalized by the productivity and overhead screens. Two other commenters stated that the standard should be lowered and that separate and lower standards should be developed to apply to FQHCs with home visiting and teaching programs. The commenter stated that Federal policy is clearly moving in the direction of providing incentives to increase the number of primary care physicians and that health centers will be increasingly asked to take on the role of residency training and argued that a productivity standard should not impede this policy direction. Additionally, two other commenters stated that the hourly standard, used in the past by the FQHCs, of 2.4 visits per hour is a more realistic standard than the one we had published.

2. Any and all documents within the possession, custody or control of CMS, wherever located, that in any way address or relate to the following "Response" which was published in the Federal Register dated April 3, 1996 as part of HCFA's "Final rule" entitled "Medicare Program; Payment for Federally Qualified Health Center Services" (61 F.R. 14640, 14651):

> *Response:* We use the same guidelines applied by HRSA in the grant review process and the ongoing monitoring of its programs. We believe it is appropriate to use uniform productivity guidelines rather than developing separate guidelines. If, however, an FQHC cannot meet these guidelines, the FQHC's intermediary has the authority to modify the productivity guidelines. An FQHC that has atypical circumstances may request exceptions to the guidelines from its intermediary.

3. Any and all documents within the possession, custody or control of CMS, wherever located, that in any way address or relate to the following "Comment" which was published in the Federal Register dated April 3, 1996 as part of HCFA's "Final rule" entitled "Medicare Program; Payment for Federally Qualified Health Center Services" (61 F.R. 14640, 14650):

> *Comment:* A commenter stated that the productivity standard of 4200 visits for a full time equivalent physician is not a reasonable standard and acknowledged that HRSA uses this standard but stated that HRSA applies the standard differently in regard to HRSA's encounters as opposed to HCFA's visits.

4. Any and all documents within the possession, custody or control of CMS, wherever located, that in any way address or relate to the following "Response" which was published in the Federal Register dated April 3, 1996 as part of HCFA's "Final rule" entitled "Medicare Program; Payment for Federally Qualified Health Center Services" (61 F.R. 14640, 14650):

> *Response:* Our use of the term "visit" is meant to be synonymous with the term "encounter" used by HRSA. The same concern about conflicting use of terms by us and HRSA was raised when we implemented productivity screens for the RHC program. At that time, we and HRSA agreed on the meaning of the terms "encounter," as used by HRSA, and "visit," as used by us; they were to be used interchangeably. (This issue was addressed in a final notice, Rural Health Clinic Payment Limits and Productivity Screening Guidelines, published in the

**Federal Register** on December 1, 1982 at 47 FR 54165). We and HRSA agreed to a common definition of these two terms to eliminate any difficulties caused by the use of different terms. Clinics also found it difficult to comply with the separate productivity guidelines and reporting requirements used by us and HRSA. As a result we adopted the productivity screening guidelines used by HRSA. We continue to use the HRSA guidelines.

Since the time that we and HRSA originally reached agreement on the common meaning of "encounter" and "visit," the RHC program has expanded and the FQHC program has been implemented. We have reexamined our definition. We are modifying the definition of a "visit" to accommodate the addition of clinical psychologists and clinical social workers (§ 405.2463). This change is discussed in more detail in answer to other comments. We will continue to use the HRSA productivity guideline of 4200 visits for full time equivalent.

5. Any and all documents within the possession, custody or control of CMS, wherever located, that in any way address or relate to the elimination in Fiscal Year 1994 of physician productivity screening guidelines utilized in connection with Public Health Services (PHS) grants awarded by the Health Resources and Services Administration (HRSA), formerly known as the Bureau of Community Health Services (BCHS).

## CERTIFICATION

This is to certify that a copy of this document was mailed, postage prepaid, on May 13, 2003, to the following counsel of record:

Attorney Richard R. Brown
Brown, Paindiris & Scott
100 Pearl Street
Suite 1100
Hartford, CT 06103

Attorney James L. Feldesman
Attorney Jennifer B. Pennington
Feldesman Tucker Leifer Fidell LLP
2001 L Street, N.W., Second Floor
Washington, D.C. 20036

Attorney Marilyn B. Fagelson
Attorney Louis B. Todisco
Murtha Cullina LLP
Whtney Grove Square
Two Whitney Avenue
P.O. Box 704
New Haven, CT 06503-0704

Thomas J. Ring
Assistant Attorney General



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Office of the General Counsel
Centers for Medicare &
Medicaid Services Division

C2-05-23 Central Building
7500 Security Boulevard
Baltimore, MD 21244-1850

August 7, 2003

Thomas J. Ring
Assistant Attorney General
Office of the Attorney General, State of Connecticut
55 Elm Street, P.O. Box 120
Hartford, Connecticut  06141-0120

Re:    Community Health Center, Inc. v. Patricia Wilson-Coker, J.D., M.S.W.,
       Commissioner of the State of Connecticut Department of Social Services,
       Case No. 3:01-cv-146 (JBA) (D. Conn.)

Dear Mr. Ring:

Subject to the objections stated below, enclosed are documents responding to the subpoena
issued to the U.S. Department of Health and Human Services, Centers for Medicare & Medicaid
Services, on May 13, 2003, in the above-captioned case.

We have withheld documents based on the attorney-client, attorney work product, and
deliberative process privileges.  Withheld documents include requests for legal advice and
documents by attorneys in the Office of the General Counsel as well as predecisional and
deliberative documents including drafts and internal memorandums and briefing materials
requesting or giving advice, recommendations, or opinions.

Sincerely,

Paul E. Soeffing
Attorney

Enclosures

Exhibit  B

**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Office of the General Counsel
Centers for Medicare &
Medicaid Services Division

OCT 2 1

C2-05-23 Central Building
7500 Security Boulevard
Baltimore, MD 21244-1850

October 20, 2003

**VIA FEDERAL EXPRESS**

James L. Feldesman, Esq.
Feldesman Tucker Leifer Fidell LLP
2001 L Street, NW, Second Floor
Washington, DC  20036-4910

Thomas J. Ring
Assistant Attorney General
Office of the Attorney General, State of Connecticut
55 Elm Street, Fifth Floor
Hartford, Connecticut  06141-0120

Re:    Community Health Center, Inc. v. Patricia Wilson-Coker, J.D., M.S.W.,
       Commissioner of the State of Connecticut Department of Social Services,
       Case No. 3:01-cv-146 (JBA) (D. Conn.)

Gentlemen:

Enclosed are additional documents responding to the subpoenas issued to Tommy G. Thompson, Secretary of Health and Human Services ("the Secretary"), on May 8, 2003 by Plaintiff, and May 13, 2003 by Defendant, in the above-captioned case.[1]  Included with these documents is the July 8, 1993 note from Bernadette S. Schumaker to Kathleen Buto that was identified at the depositions that were held on September 25, 2003.  The Secretary will not assert the deliberative process privilege with respect to this document.

The parties have also requested a privilege log for the documents the Secretary is withholding based on the deliberative process privilege.  Without waiving any objection as to the Secretary's obligation to produce a privilege log in the circumstances of this case, we are enclosing a privilege log for the documents that the Secretary is withholding based on the deliberative process privilege.

---

[1]As noted in a May 23, 2003 letter to Kathy S. Ghiladi, Esq. from Assistant United States Attorney Oscar S. Mayers, Jr., service of the subpoenas was not properly effectuated on the Secretary.  See 45 C.F.R. § 4.2.  However, because the parties agreed to extend the timeframe for the Secretary to produce documents and provide testimony, the Secretary agreed to respond to the subpoenas.

Exhibit C

Page 2 -- James L. Feldesman, Esq; Thomas J. Ring

Finally, we note that Plaintiff has requested that the Secretary make Ms. Suzan Stecklein available for deposition. Pursuant to the parties' requests to conduct depositions of the Secretary's staff in this matter, the Secretary designated, pursuant to Fed. R. Civ. P. 30(b)(6), three Centers for Medicare & Medicaid Services ("CMS") employees who we believe were best able to speak to the matters identified in the parties' requests. The third of these three depositions has yet to take place.[2] The third deponent is located in CMS's regional office and should be able to speak to the remaining issues identified by Plaintiff. Thus, we believe that, at a minimum, Plaintiff's request for another deposition is premature at this time. If upon the conclusion of the third deposition on October 22, Plaintiff still desires to request additional depositions, Plaintiff should submit a proper request pursuant to 45 C.F.R. Part 2.

Sincerely,

Paul E. Soeffing
Attorney

Enclosures

---

[2] We note that the Secretary has not received a Notice of Deposition regarding the third deposition. However, the Secretary will abide by his agreement to make the third deponent available for deposition on October 22.

Deliberative Process Privilege Log for Community Health Center v. Thompson, Case No. 01-146 (D. Conn.)

| Bates Range | Type of Document | Description | Date | Author | Position | Addressee | Position | CC |
|---|---|---|---|---|---|---|---|---|
| 000001-000001 | Memo | Re: Correction notice on Final notice on Rural health Clinic Payment limits up | 1/14/1983 | Larry Oday | Director | Carolyn Davis | Administrator HCFA | |
| 000002-000015 | Memo | Attaching mark-up of draft regulation re: Payment for Federally Qualified Health Center Services | 5/26/1993 | Charles Booth | Director, Office of Payment Policy | Robert Wren | HCFA/CMS | |
| 000016-000047 | Memo | Attaching mark-up of draft regulation re: productivity screening guidelines and upper payment limits on rural health services | 5/1/1981 | Bernie Truffer | Director, Office of Payment Policy | Marc Thomas | HCFA/CMS | |
| 000048-000063 | Memo | Attaching draft of regulation re: Payment for Federally Qualified Health Center Services | 5/13/1993 | Charles Booth | Director, Office of Payment Policy | Kathleen Buto | Director | |
| 000064-000067 | Fax | Internal Remarks re: Payment for Federally Qualified Health Center Services | 6/13/2001 | Richard Pecorella | Director, Center for Medicaid and State Operations, Region 1 | Chief | Medicaid Program Branch, Boston | |
| 000068-000070 | Memo | Hard Copy of 000064-000067 | 6/13/2001 | Richard Pecorella | Director, Center for Medicaid and State Operations, Region 1 | Chief | Medicaid Program Branch, Boston | |
| 000071-000073 | e-mail | with attachment re:Payment for Federally Qualified Health Center Services | 4/13/2001 | Susan Stecklein | HCFA/CMS | Chief, Margaret; Clark, Billy; Farrell, Ted; Gallagher, Cynthia; Garraway; Garza, Maria; James Rake; Hayashi, Guy; Duong Hoang; Shing Jew; Pecorell, Richard; Pecorell, Robert; Reed, Elizabeth; Reno, Narinder; Singh, Jessie; Spiller, Elizabeth; Wheeler | HCFA/CMS | |

| Bates No. | Type | Description | Date | Author | From (title) | To | To (title) | cc |
|---|---|---|---|---|---|---|---|---|
| 000074-000074 | Memo | re: response to Connecticut Primary Care Association comments | 5/18/2001 | Richard Peccella | Director, Center for Medicaid and State Operations, Assistant | Chief, Medicaid Program Branch, CMSO | Chief, Medicaid Institutional Payment Policy Branch | |
| 000075-000104 | Memo | with attachment re: draft of Payment for Federally Qualified Health Center Services (New Jersey SPA) | 4/3/1995 | Arthur O'Leary | Regional Administrator, Division of Medicaid | Charlene Brown | | |
| 000105-000105 | Letter | re: response to SPA proposal Penn. 99-011 | 2/1/2000 | Ted Gallaser | Chief, Quality Performance and Management Branch, CMSO, Region III | Director, Division of Benefits, CMSO | | |
| 000106-000111 | Letter | with attached e-mail re: response to SPA proposal Penn. 99-011 | 9/22/2000 | Ted Gallaser | Director, Quality Performance and Management Branch, CMSO, Region III | Director, Division of Benefits, CMSO | | |
| 000112-000112 | e-mail | re: review of Pa. SPA | 3/13/2000 | Susan Stecklein | HCFA/CMS | Mcruse | | Tgallagher; Tcarver |
| 000113-000113 | Letter | Cover letter for attaching copy of State of Pa. To request for additional information (reply not attached) | n/a | Michael Cruse | Pa. State Representative, Region III | Susan Stecklein | Division of Benefits and Coverage, CMSO | |
| 000114-000114 | e-mail | re: status of State of Pa. SPA | 11/1/2001 | Michael Cruse | Pa. State Representative, Region III | Susan Stecklein | Division of Benefits and Coverage, CMSO | |
| 000115-000115 | Memo | OS Notification re: Ohio SPA deadlines | 9/21/2001 | Office of The Secretary | HCFA/CMS | n/a | n/a | |
| 000116-000116 | Memo | State Plan Amendment/Waiver Routing Slip re: Louisiana | 11/6/1996 | n/a | n/a | n/a | n/a | |
| 000117-000117 | Memo | State Plan Amendment/Waiver Routing Slip re: Texas | 11/5/1996 | n/a | n/a | n/a | n/a | |
| 000118-000119 | Letter | re: processing FQHC coverage amendment for the state of Texas | 11/26/1990 | James Reed | Regional Associate Administrator | William Hickman | Director, Office of Medicaid Policy | |
| 000120-000140 | e-mail | attaching mark-ups of Kansas SPA re: FQHC reimbursement | 6/14/2002 | Diana Townsend | HCFA/CMS | Dusty Kathart | HCFA/CMS | |
| 000141-000141 | Memo | attaching SPA MO-02-22 (SPA not attached) | 8/5/2002 | Jackie Glaze | HCFA/CMS | Narinder/Judith /Pam | HCFA/CMS | |
| 000142-000142 | Memo | attaching SPA MO MO 01-04 (SPA not attached) | 3/30/2001 | James G Scott | HCFA/CMS | Narinder/Judith /Pam | HCFA/CMS | |
| 000143-000145 | Memo | Communications Management System Worksheet re: FQHC and RHC Reimbursement with handwritten notes | 8/12/1993 | Gallegos | HCFA/CMS Bureau of Coverage and Reimbursement, Salt Lake City | n/a | | |
| 000146-000149 | Fax | attaching draft letter re: FQHC reimbursement methodology | 9/1/1993 | Roy Dunn | HCFA/CMS | Guy Wilks | HCFA/CMS | |
| 000150-000151 | e-mail | comments on FQHC reimbursement methodology | 8/11/1993 | McFaden | HCFA/CMS | Greg Watson | HCFA/CMS | |
| 000152-000156 | Memo | Communications Management System Worksheet re: FQHC and RHC Reimbursement with handwritten notes and draft letter | 8/7/1993 | Gallegos | HCFA/CMS | n/a | | |

| | | | | | Offices of Executive Operations | | |
|---|---|---|---|---|---|---|---|
| 000157-000158 | e-mail | attaching electronic note (file not attached) re: feedback on internal presentation by National Association of Community Health Care Centers | 1/5/1993 | Diane Braxton | Offices of Executive Operations | All Regions | |
| 000159-000159 | Letter | Confirming conversation re: FQHC training for 10/25/1990 | 11/6/1990 | Geraldine Trochek | Acting Regional Administrator | Audrey H. Nora | Regional Health Administrator |
| 000160-000160 | Letter | Agenda for FQHC Practice Conference (NOTE: THIS DOCUMENT IS NON-RESPONSIVE BUT WAS INCLUDED IN COLLECTION) | 10/16/1990 | Barbara Bailey | Director, Division of Health Services | Charles Crosley | HCFA/CMS |
| 000161-000166 | Memo | | n/a | n/a | n/a | n/a | n/a |
| 000167-000167 | Letter | establishing certain procedures for FQHC requirements | 8/8/1990 | Audrey H. Nora | Assistant Surgeon General | Geraldine Trochek | Acting Regional Administrator |
| 000168-000169 | notes | handwritten notes re: FQHC cross financing | n/a | n/a | n/a | n/a | n/a |
| 000170-000172 | Memo | Communications Management System Worksheet attaching e-mail re: FQHC and RHC Reimbursement | 9/10/1990 | Ibarra | Colorado Medicaid | n/a | HCFA/CMS |
| 000171-000175 | Memo | Proposed Draft Agenda for HRSA meeting with CMS | 8/6/2001 | n/a | n/a | n/a | HCFA/CMS |
| 000176-000176 | e-mail | Marked-up e-mail re: request for information- Medicaid FQHC implement | n/a | Andrea Greene-Horace | HCFA/CMS | n/a | HCFA/CMS |
| 000177-000179 | Memo | re: HRSA/CMS Medicaid PPS meeting of August 6, 2001 | 8/9/2001 | Libby Merrill | HCFA/CMS | Richard Chambers; Cheryl Austein-Cassanoff; Susan Stecklein; Jerry Zellinger | HCFA/CMS |
| 000180-000182 | letter | re: Upper payment limit application to FQHC | 9/21/2001 | Libby Merrill | HCFA/CMS | Richard Chambers | HCFA/CMS |
| 000183-000185 | notes | handwritten notes re: Conference call on PPS | 10/1/2001 | n/a | HCFA/CMS | n/a | HCFA/CMS |
| 000186-000186 | e-mail | re: HRSA/CMS Medicaid PPS meeting of August 6, 2001 | 8/6/2001 | Libby Merrill | HCFA/CMS | Richard Chambers; Cheryl Austein-Cassanoff; Susan Stecklein; Jerry Zellinger | HCFA/CMS |
| 000188-000188 | notes | handwritten notes re: Phone calls on PPS since 5/16/01 | 5/16/2001 | n/a | HCFA/CMS | n/a | HCFA/CMS |
| 000189-000199 | e-mail | attaching status reports re: state changes in scope of service | 11/7/2002 | Susan Stecklien | HCFA/CMS | Leslie Greenblatt | HCFA/CMS |
| 000197-000199 | report | November/December Medicaid PPS Internal Status Report | n/a | n/a | HCFA/CMS | n/a | HCFA/CMS |
| 000200-000200 | Memo | Bureau of Primary Health Care internal status report of Medicaid PPS | 10/26/2001 | n/a | HCFA/CMS | n/a | HCFA/CMS |
| 000201-000208 | e-mail | Addressing Scope of Services & Caps and attaching scope of project PIN | n/a | Andrea Greene-Horace | HRSA | Internet | HCFA/CMS |
| 000209-000211 | e-mail | exchange re: State of CT lawsuit on PPS issue | 9/10/2002 | Leslie Greenblatt | HRSA | Pamela Perry | HRSA |