KEVIN J. O'CONNOR
United States Attorney
District of Connecticut

LAUREN NASH
Assistant U.S. Attorney
Connecticut Financial Center
P.O. Box 1824
New Haven, Connecticut 06508
Telephone: (203) 821-3700

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| COMMUNITY HEALTH CENTER, INC., ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF CONNECTICUT, ET AL. <br><br> Defendant. | No. 3:01cv146 (JBA) |

## DECLARATION OF LESLIE V. NORWALK

I, Leslie V. Norwalk, do hereby declare that:

1. I am the Acting Deputy Administrator and Chief Operating Officer of the Centers for Medicare & Medicaid Services ("CMS"), which is a component of the Department of Health and Human Services ("HHS" or "agency"). I have served in that capacity since my installation on January 13, 2003. CMS was established as the Health Care Financing Administration ("HCFA") by Departmental Reorganization Order on March 9, 1977. 42 Fed. Reg. 13,262 (Mar. 9, 1977). HCFA was renamed CMS by Departmental Reorganization Order on July 5, 2001. 66 Fed. Reg. 35,437 (July 5, 2001).

1

2. As Acting Deputy Administrator and Chief Operating Officer, I share with the Administrator of CMS the overall responsibility for the administration of all federal health care financing programs under Titles XI, XVIII, XIX, and XXI of the Social Security Act, including authority over agency records. The Administrator has been delegated the authority of the Secretary under 42 U.S.C. § 1306 pertaining to the public disclosure of information pertinent to the mission of CMS. 49 Fed. Reg. 35,248 (Sept. 6, 1984). As part of a general redelegation of program and administrative authorities, the Administrator has redelegated to me the agency's authority regarding the public disclosure of information pertinent to CMS's mission.

3. I am generally familiar with the history and nature of the above-captioned judicial proceedings before the United States District Court for the District of Connecticut.

4. These proceedings involve a provider's challenge to the State of Connecticut's payment practices related to Medicaid reimbursement. Although the Federal government is not a party to this lawsuit, both parties sought documents and testimony from the agency. In response to these requests by the parties, the agency has furnished the parties with relevant, non-privileged documents and has permitted agency staff to be deposed. At the parties' request, the agency also provided a privilege log of documents being withheld based on the deliberative process privilege.

-2-

5. With regard to Defendant's request for production of documents, the agency has objected to disclosure of the documents described in Exhibit A to this Declaration. These documents were withheld because they are subject to the deliberative process privilege.

6. I have reviewed the withheld documents sought by Defendant and listed in Exhibit A to this Declaration. I have also reviewed the document descriptions included in Exhibit A hereto. In my judgment, the documents are properly subject to a formal claim of the deliberative process privilege.

7. The documents over which I am formally asserting privilege consist of draft regulations or portions thereof, notes or memoranda commenting on draft regulations, handwritten ("markup") comments on draft regulations, issue papers concerning policies addressed in draft regulations and other materials prepared to assist the agency's formulation of policies published in the proposed or final Federally Qualified Health Center ("FQHC") regulations. Before a proposed or final rule is submitted by the Secretary to the Office of the Federal Register for publication, the underlying policy issues are extensively debated among agency staff before being approved by the CMS Administrator. Draft language for a proposed or final rule (or portion thereof) is circulated among CMS and HHS personnel at various levels for review and comment. In addition, a document addressed to the director of a particular office or bureau within HHS may actually be reviewed by one of the director's

subordinates who is directly responsible for analyzing the particular issue addressed in that portion of the draft regulation. Agency staff comments and proposed revisions generated during these reviews also may be circulated among the agency components with expertise in the subject matters covered by the drafts and comments. Thus, the process of developing the proposed and final FQHC rules included a give-and-take among agency staff that involves staff members providing personal views on how FQHC policies should be formulated and implemented, and on the advisability of adopting the proposals, advice, and recommendations offered by other agency staff. These documents are kept confidential by the agency and the draft documents are circulated within the agency with this understanding.

    8. In order to ensure effective and informed decision making, HHS must protect its right to avail itself of the candid and searching preliminary views on policy and legal analyses of the issues it receives during the regulatory development process. HHS must be able to freely obtain the opinions of its staff and to freely discuss those opinions and how those opinions will be applied by the agency. If these deliberative communications were disclosed, the free flow of information necessary to develop the best possible policies would be chilled and, accordingly, the decision making process would be hindered and the quality of agency decisions would be impaired. This would undermine the ability of HHS to promote broad public interests. Therefore, in my judgment, the withheld documents are protected from disclosure

on the grounds of the deliberative process privilege.

9.  Unpublished preliminary drafts of regulations and materials indicating advice, recommendations, and preliminary views are treated by CMS as privileged and confidential and are not included in the record of the rulemaking proceeding filed by the agency in litigation.  The withheld documents have not been disclosed to individuals outside the United States Government.

10.  The reasons that draft regulations, comments on draft regulations, and other materials embodying preliminary policy views are kept confidential are well-recognized.  It is an established principle that a decision maker within the Executive Branch must be judged by the public and the courts on the basis of the agency's final decisions and the reasons for the agency's final decisions.  A consequence of disclosing predecisional, deliberative documents is that an Executive Branch decision maker could be held accountable in litigation -- and an agency decision invalidated -- not on the basis of what was actually decided, but on the basis of proposed policies, including views of subordinates, that were ultimately rejected.  Often the reasons for not following a particular course of action are not apparent from the face of predecisional documents.  If the withheld documents were disclosed, the decision maker could become enmeshed in a time-consuming and unproductive defense of why certain advice or suggestions may or may not have been adopted, when only the ultimate decisions of the agency are reviewable by the courts.

11. Frankness and confidentiality are inextricably bound together. Frequently, persons providing analysis or advice within the deliberative chain will offer views or approaches that may be considered exceptionally novel or unpopular to the regulated constituency. Dissemination of preliminary policy views of advisors and analysts involved in the decision making process at CMS would inevitably lead to strong pressures to temper candor and to suppress views that might be regarded as potentially unpopular or likely to provoke interest groups. Because CMS depends heavily on a free exchange of ideas and information within the agency in order to develop the best final policies, the effectiveness of Executive Branch decision making would suffer greatly if the confidentiality of the predecisional, deliberative views of agency personnel contained in the withheld documents were compromised.

12. For the foregoing reasons, I respectfully assert the government's long-recognized deliberative process privilege with respect to the documents listed in Exhibit A to this Declaration.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Signed this 24th day of November, 2003.

*/s/ Leslie V. Norwalk*

LESLIE V. NORWALK
Acting Deputy Administrator and Chief
  Operating Officer
Centers for Medicare & Medicaid Services
Department of Health and Human Services

**A**

Deliberative Process Privilege Log for Community Health Center v. Thompson, Case No. 01-146 (D. Conn.) (Defendant's Request for Production of Documents)

| Bates Range | Type of Document | Description | Date | Author | Position | Addressee | Position | CC |
|---|---|---|---|---|---|---|---|---|
| 000251-000266 | Memo | attaching comments to proposed legislation re: FQHC's | 3/18/1993 | Charles Booth | Director, Office of Payment Policy | Kathleen Buto | HCFA/CMS | |
| 000267-000308 | Memo | attaching ASPE comments and response to ASPE comments re: FQHC final rule | 8/4/1994 | Bernadette Schmacher | HCFA/CMS | Tom Hoyer | HCFA/CMS | |
| 000309-000310 | notes | excerpt of FQHC rule with handwritten notes | n/a | n/a | HCFA/CMS | n/a | HCFA/CMS | |
| 000311-000311 | notes | handwritten notes re: FQHC rule | n/a | n/a | HCFA/CMS | n/a | HCFA/CMS | |
| 000312-000407 | publication | Marked up draft of FQHC Federal Register draft | n/a | n/a | HCFA/CMS | n/a | HCFA/CMS | |
| 000408-000502 | Memo | attaching marked up version of FQHC Federal Register draft | 5/19/1994 | Sue Brown | HCFA/CMS | Sandy Clarke | HCFA/CMS | |
| 000503-000527 | publication | excerpt of draft of FQHC federal register with handwritten notes | 4/30/1993 | n/a | HCFA/CMS | n/a | HCFA/CMS | |
| 000528-000531 | publication | excerpt of draft of FQHC federal register with handwritten notes | 4/30/1993 | n/a | HCFA/CMS | n/a | HCFA/CMS | |
| 000532-000562 | Memo | attaching mark-up of HCFA comments on the FQHC Final Rule | 7/21/1993 | Jackie Sheridan | HCFA/CMS | Randy Richtor | HCFA/CMS | |
| 000563-000588 | Memo | attaching mark-up of FQHC Federal Register draft | 5/7/1993 | Jackie Sheridan | HCFA/CMS | Janice Flaherty | HCFA/CMS | |
| 000589-000593 | Fax | attaching comments to proposed legislation re: FQHC's | 5/7/1993 | Craig Dobyski | HCFA/CMS | Faith Ashley | HCFA/CMS | |
| 000594-000596 | Memo | comments on FQHC reimbursement methodology issue | 5/3/1993 | Gary Cagle | HCFA/CMS | n/a | HCFA/CMS | |
| 000597-000597 | Memo | Response to comment on FQHC regulations | 5/20/1993 | Ed Roth | HCFA/CMS | Helen Klein | HCFA/CMS | |
| 000598-000606 | Memo | attaching comments to proposed legislation re: FQHC's | n/a | Bernadette Schmacher | HCFA/CMS | Bernie Patashnick | HCFA/CMS | |
| 000607-000610 | Memo | attaching additional comments re: Proposed FQHC publication | 3/22/1994 | Craig Dobyski | HCFA/CMS | Bernadette Patashnick | HCFA/CMS | |
| 000611-000629 | Memo | attaching additional comments re: Proposed FQHC publication | 3/22/1994 | Craig Dobyski | HCFA/CMS | Bernadette Patashnick | HCFA/CMS | |
| 000630-000631 | notes | handwritten notes re: Proposed FQHC publication | n/a | Craig Dobyski | HCFA/CMS | Bill | HCFA/CMS | |