UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| COMMUNITY HEALTH CENTER, INC., ET AL. | : | Lead Docket No. 3:01cv146 (JBA) |
|    *Plaintiffs* | : | U.S.D.C./ New Haven |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, ET AL. | : | |
|    *Defendant* | : | February 5, 2004 |

**REPLY BRIEF IN SUPPORT OF MOTION
TO COMPEL PRODUCTION OF DOCUMENTS**

Pursuant to Local Rule 7 (d), the defendant hereby submits this reply in order to briefly address certain matters raised by the responsive brief filed by the United States Department of Health and Human Services, Centers for Medicare and Medicaid Services (CMS).

**I. Applicability of the Deliberative Process Privilege**

The sole issue remaining in the instant action relates to a 4200 visit physician productivity standard adopted by CMS, which was formerly known as the Health Care Financing Administration (HCFA), in connection with the determination of Medicare rates paid to FQHCs such as the plaintiff. Pursuant to state statute, the Connecticut Commissioner of Social Services, who is the named defendant here, "shall apply Medicare productivity standards" in determining Medicaid rates for FQHCs. Conn. Gen. Stat. § 17b-245a.

In its responsive brief, CMS acknowledges that in order to qualify for the deliberative process privilege, a document must be both predecisional and deliberative. Regarding the requirement that a document be predecisional, CMS contends that "the draft regulations and related documents were prepared prior to the publication of either the proposed or final decision. For this reason, the documents are predecisional." CMS Memorandum, pp. 77-8 (citation to

affidavit omitted). The documents at issue are the last seventeen items listed on the privilege log produced by CMS. (Exhibit C to defendant's initial Memorandum). The dates of these documents, where specified, range from March 18, 1993 to August 4, 1994.

What the CMS memorandum does not mention is that CMS first published its regulations governing Medicare payments to FQHCs, including the 4200 visit physician productivity standard, in 1992. HCFA's "final rule with comment period" concerning "Medicare Program; Payment for Federally Qualified Health Center Services" can be found at 57 Fed. Reg. 24961, et seq. (June 12, 1992). In the preamble to the FQHC rules, CMS noted that rural health clinics (RHCs) were subject to the 4200 visit productivity screen and that the FQHC payment methodology was to parallel the RHC payment requirements. 57 Fed. Reg. at 24967-68. Since CMS adopted the 4200 visit productivity screen for FQHC physicians in 1992, it is far from undisputed or clear that the seventeen documents at issue are "predecisional."

CMS also contends that the seventeen documents satisfy the deliberative requirement in that they "are almost exclusively comprised of draft portions of the regulations and Agency staff comments on those drafts." CMS Memorandum, p. 8. That statement does not recognize, however, that the deliberative process privilege does not extend to materials related to the explanation, interpretation or application of an existing policy, e.g., the 1992 regulations concerning FQHCs. See *Judicial Watch, Inc. v. HHS*, 27 F.Supp.2d 240, 245 (D.D.C. 1998). Neither does it address the principle that the privilege does not cover factual material, even if used in the determination of policy. *Grand Central Partnership v. Cuomo*, 166 F.3d 473, 482 (2d Cir. 1999).

The affidavit submitted by CMS, while providing some additional information about the disputed documents, does not establish the applicability of the privilege and is certainly not a

neutral assessment of the documents. The defendant submits that, at the very least, an in camera submission of the documents for this type of assessment by the Court is warranted.

## II. Balancing of Interests

In presenting its arguments, CMS strives to distance itself from the underlying controversy, indicating that it is "a non-party to this action." It should be noted in this regard that in October, 2001, this Court (Arterton, J.) specifically invited CMS to intervene in this litigation by notice served on the United States Attorney's Office. Additionally, pursuant to an invitation from the United States Court of Appeals for the Second Circuit, the United States filed an amicus curiae brief in support of the defendant-appellant.

As previously noted, at issue is a productivity standard which was adopted by CMS and is utilized by the defendant Commissioner of Social Services pursuant to Conn. Gen. Stat. § 17b-245a. The plaintiff FQHC claims that there is no rational basis for the utilization of the 4200 visit physician productivity standard. Any information shedding additional light on the rationale for the continued use of this standard by CMS would be of obvious importance and would be unavailable from any other source. For this additional reason, the defendant requests that CMS be compelled to produce the disputed documents, or, in the alternative, be ordered to

submit the documents to the Court for in camera review.

    DEFENDANT

PATRICIA WILSON-COKER,
COMMISSIONER, STATE OF
CONNECTICUT, DEPARTMENT OF
SOCIAL SERVICES


RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY: _____
Thomas J. Ring
Assistant Attorney General
Federal Bar No. ct08293
55 Elm Street
P.O. Box 120
Hartford, CT  06141-0120
Tel: (860) 808-5210
Fax: (860) 808-5385
Thomas.Ring@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 5th day of February, 2004 to:

Attorney Richard R. Brown
Brown, Paindiris & Scott
100 Pearl Street
Hartford, CT 06103

Attorney James L. Feldesman
Feldesman, Tucker, Leifer, Eidell and Bank, LLP
2001 L Street, N.W.
Washington, D.C. 20036

Attorney Paul E. Soeffing
Department of Health and Human Services
Office of the General Counsel
Centers for Medicare and
Medicaid Services Division
C2-05-23 Central Building
7500 Security Boulevard
Baltimore, MD  21244-1850

_____
Thomas J. Ring
Assistant Attorney General