UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| COMMUNITY HEALTH CENTER, INC., et al. ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| v. ) | Civil Action No. 301CV146(JBA) |
| ) | |
| PATRICIA WILSON-COKER, J.D., M.S.W., ) | |
| COMMISSIONER OF THE ) | |
| STATE OF CONNECTICUT ) | |
| DEPARTMENT OF SOCIAL SERVICES ) | |
| ) | |
| *Defendant.* ) | |
| ) | April 5, 2004 |

### PLAINTIFFS' OBJECTION TO RULING
### FOLLOWING *IN CAMERA* REVIEW

#### I. INTRODUCTION

Plaintiffs hereby submit their Objections to the Magistrate Judge's March 23, 2004 Ruling Following *In Camera* Review. We have refrained from commenting on the State's efforts to enforce its subpoena until now, but believe there are aspects to the Ruling which require further consideration and clarification. Under typical circumstances, the Ruling would be

an acceptable analysis of the application of the deliberative process privilege, but it does not take into account the present situation faced by the parties in which deliberative process has been placed at issue by the Second Circuit on remand..

## II. OBJECTIONS

A. **The Second Circuit's Remand Places CMS' Deliberative Process at Issue**

On November 8, 2002, the United States Court of Appeals for the Second Circuit issued a decision which reversed part of the November 30, 2001 Memorandum of Decision issued by this Court and issued a remand to the District Court for further proceedings. The Second Circuit has directed this Court to "consider whether Connecticut's 4,200 productivity screen passes muster on its own terms." *Community Health Center v. Wilson-Coker*, ___ F. 3d ___, 2002 WL 31501069 at *6 (2nd Cir.). More specifically, on remand this Court has to ". . . consider anew what role CMS's approval of the Connecticut State Plan should play in assessing the reasonableness of the 4,200 screen." *Id.* The Second Circuit's decision, in essence, asked this Court to determine on remand whether the review and approval by the Centers for Medicare and Medicaid Services ("CMS") of Connecticut's Medicaid State Plan containing the 4,200 productivity screen makes up for the State's failures to perform its own due diligence with respect to that screen.

- 2 -

The Second Circuit squarely placed CMS' deliberative process at issue knowing that there was nothing in the record concerning any CMS review of Connecticut's State Plan in terms of the 4,200 productivity screen. Part of the reason why the parties are now engaging in discovery is to allow this Court to ascertain precisely what the State submitted to CMS and what CMS officials reviewed and considered without the need for guesswork or speculation. *See, e.g.,* CHCI's April 4, 2003 Status Report and record of April 10, 2003 Status Conference (as referenced in the Court's April 17, 2003 Scheduling Order).

### B.     No Interest is Served by Protecting the Deliberative Process in this Matter

Even though CMS chose not to enter an appearance as a party when this matter was originally pending before the District Court, it is important to note that following an invitation from the Second Circuit, CMS submitted a brief as *amicus curiae* (on September 20, 2002) in support of the State of Connecticut. That brief made arguments that put its deliberative process at issue. The Second Circuit has recognized circumstances in which a government agency may waive its deliberative process privilege. *Tigue v. United States Department of Justice*, 312 F. 3d 70, 80-81 (2nd Cir. 2002), citing *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 161 (1975). The deliberative process privilege is not a mandatory privilege. The typical interests in protecting

- 3 -

the deliberative process are outweighed here and are inapplicable in light of CMS' position in this litigation.

### III. CONCLUSION

For the foregoing reasons, plaintiffs respectfully object to the Ruling and request that the Court direct CMS to produce the documents at issue.

Respectfully submitted,

Date: April 5, 2004

Richard R. Brown, Esq.
Brown, Paindiris & Scott, LLP
100 Pearl Street
Hartford, CT 06103
(860) 522-3343 (telephone)
(860) 522-2490 (facsimile)
Fed. Bar No. ct00009

and

James L. Feldesman, Esq.
Kathy S. Ghiladi, Esq.
Feldesman Tucker Leifer Fidell LLP
2001 L Street, N.W.
Second Floor
Washington, D.C. 20036
(202) 466-8960 (telephone)
(202) 293-8103 (facsimile)

*Counsel for Plaintiffs*

- 4 -

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 5th day of April, 2004 to:

Thomas J. Ring, AAG
Office of Attorney General
P.O. Box 120
Hartford, CT 06141-0120

James Feldesman, Esq.
Feldesman, Tucker, Leifer,
 Fidell & Bank, LLP
2001 L Street, NW, 2nd Floor
Washington, D.C. 20036-4910

Paul E. Shoeffing, Esq.
Dept. of Health & Human Services
C2-05-23 Central Building
7500 Security Boulevard
Baltimore, MD 21244-1850

_____
Richard R. Brown, Esq.

- 5 -