UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| COMMUNITY HEALTH CENTER, INC. : | |
| ET AL. : | |
|         PLAINTIFFS : | LEAD DOCKET 3:01CV146 (JBA) |
| : | |
| v. : | |
| : | |
| STATE OF CONNECTICUT, ET AL., : | |
| : | |
|         DEFENDANT. : | APRIL 21, 2004 |

**CMS'S RESPONSE TO PLAINTIFFS' OBJECTION TO
MAGISTRATE JUDGE'S RULING FOLLOWING *IN CAMERA* REVIEW**

Pursuant to Rule 7 of the Local Rules of Civil Procedure for the District of Connecticut, and the Order of this Court dated March 23, 2004, the United States Department of Health and Human Services, Centers for Medicare & Medicaid Services ("CMS"), hereby respectfully submits this response in opposition to Plaintiffs' objections to the Magistrate Judge's ruling denying Defendant's motion to compel production of documents. Plaintiffs' objections should be rejected for the reasons set forth below.

I. Plaintiffs Lack Standing to Lodge Objections

As a threshold issue, Plaintiffs lack standing to object to the Magistrate Judge's March 23, 2004 ruling. The ruling concerned CMS's assertion of the deliberative process privilege regarding documents requested by the Defendant. The documents withheld were not responsive to any document request submitted by Plaintiffs, and Plaintiffs did not challenge CMS's decision to withhold the documents. Therefore,

NO ORAL ARGUMENT IS REQUESTED

Plaintiffs have no standing to object to the Magistrate Judge's ruling. Furthermore, as Plaintiffs readily admit, Plaintiffs have been silent regarding this matter until now, only waiting until this late date to make their position on this discovery issue known. Plaintiffs' Objection to Ruling Following In Camera Review ("Pls.' Obj.") at 1. Thus, even assuming, *arguendo*, that Plaintiffs' views could have been considered regarding CMS's assertion of the privilege, Plaintiffs have waived any right to file objections by failing to file papers with the Magistrate Judge when she considered the issue. Allowing Plaintiffs to enter these discovery proceedings at this late date, after CMS and Defendant have briefed the issue and the Magistrate Judge has ruled, is prejudicial to CMS.

II. The Second Circuit Did Not Place CMS's Deliberative Process at Issue

Plaintiffs' objections are also based on a flawed reading of the Second Circuit's decision remanding these proceedings to the district court. See Community Health Center v. Wilson-Coker, 311 F.3d 132 (2d Cir. 2002). Plaintiffs contend that "[t]he Second Circuit squarely placed CMS' deliberative process at issue knowing that there was nothing in the record concerning CMS review of Connecticut's State Plan in terms of the 4,200 productivity screen." Pls.' Obj. at 3. Plaintiffs provide no cite to the Second Circuit's decision to support their assertion and a reading of the Second Circuit's opinion does not reveal that the court contemplated that the deliberative process privilege should not apply in the proceedings on remand. Indeed, CMS has furthered the process outlined by the Second Circuit's decision by voluntarily producing responsive, non-privileged documents to the parties in response to their discovery requests.

Finally, Plaintiffs contend that CMS has somehow waived its deliberative process privilege because of statements it made in its *amicus curiae* brief filed with the Second Circuit. Pls.' Obj. at 3. However, Plaintiffs fail to identify any language in CMS's brief that would constitute a waiver of its deliberative process privilege. Id. In fact, CMS did not waive the deliberative process privilege, as evidenced by Plaintiffs' inability to point to any specific statements in the brief that might constitute a waiver.

For the foregoing reasons, CMS respectfully requests that Plaintiffs' objections to the Magistrate Judge's Ruling Following *In Camera* Review be denied.

> Respectfully submitted,
>
> KEVIN J. O'CONNOR
> UNITED STATES ATTORNEY
>
>
> LAUREN M. NASH, ct01705
> ASSISTANT U.S. ATTORNEY
> P.O. BOX 1824
> NEW HAVEN, CT  06508
> (203) 821-3700

CERTIFICATION

This is to certify that a copy of the within and foregoing has been mailed, postage prepaid, on this 21st day of April, 2004, to:

Thomas J. Ring
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

James L. Feldesman, Esq.
Jennifer B. Pennington, Esq.
Feldesman, Tucker, Leifer, Fidell & Bank LLP
2001 L St., NW
Second Floor
Washington, DC 20036

Richard R. Brown, Esq.
Steven William Varney, Esq.
Brown, Paindiris & Scott
100 Pearl St., Ste 1100
Hartford, CT 06103

Everett E. Newton, Esq.
Louis B. Todisco, Esq.
Marilyn Beth Fagelson, Esq.
Murtha Cullina LLP
Cityplace I, 185 Asylum St.
Hartford, CT 06103-3469

_____
LAUREN M. NASH
ASSISTANT U.S. ATTORNEY

- 4 -