UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| COMMUNITY HEALTH CENTER, INC., | : | LEAD DOCKET NO. 3:01CV146(JBA) |
| *Plaintiff* | : | |
| | : | ALL CASES |
| v. | : | |
| | : | |
| PATRICIA WILSON-COKER, COMMISSIONER OF THE STATE OF CONNECTICUT DEPARTMENT OF SOCIAL SERVICES, | : | |
| *Defendant* | : | November 14, 2005 |

## LOCAL RULE 56 (a)(2) STATEMENT

In accordance with Local Rule 56(a)(2), the defendant, Patricia Wilson-Coker, Commissioner of the State of Connecticut Department of Social Services, hereby submits this statement in response to the plaintiff's submission designated as Local Rule 9(c)(1) Statement:

1. The defendant admits that the Connecticut state Medicaid plan amendment, approved by HCFA on June 21, 2001, includes a 4200 visit physician productivity screen, designated as "Imputed Primary Health Services Visits." The defendant further admits that the application of the 4200 visit physician productivity standard had the potential effect of reducing the costs that the Department of Social Services (DSS) would consider allowable when calculating the FQHC's per visit rate under 42 U.S.C. § 1396a(bb) if the FQHC did not meet the standard in 1999 or 2000.

2. Although this is not the cost report methodology used by DSS when it calculated Medicaid rates for 2001, to the extent that it has the same results if an FQHC did not meet the 4200 visit physician productivity standard in 1999 or 2000, it is admitted.

3. The defendant admits that pursuant to Conn. Gen. Stat. § 17b-245a, DSS has applied Medicare productivity standards, including the 4200 physician visit standard, in the

determination of rates for FQHCs since 1996. The defendant further admits that prior to 2001, its regulations and state Medicaid plan did not reflect the use of the 4200 visit standard. The defendant denies that the Connecticut state Medicaid plan in effect prior to January 1, 2001 contained a 3400 visit physician productivity screen, but the defendant disputes the materiality of that fact to a decision in this case.

    4. To the extent that "automatically" means that there was no specific waiver provision in the Connecticut state Medicaid plan in 1996 and that there is a specific waiver provision in the current state plan, it is admitted. Under the former state Medicaid plan and under state statute, there was an opportunity for FQHCs to obtain a hearing on all items of aggrievement concerning the Medicaid rate, which would have included a claim of aggrievement concerning the use of the 4200 visit standard. See Conn. Gen. Stat. § 17b-238(b).

    5. This paragraph is admitted.

    6. There being no legal requirement to provide the Regional Office with an independent study or analysis to justify its use of the Imputed Primary Health Services Visits standards, this paragraph is admitted.

    7. There being no legal requirement to perform an independent study or analysis to justify use of the 4200 visit physician productivity standard and a statutory requirement to apply the standard, this paragraph is admitted.

    8. There being no legal requirement to perform an independent study or analysis to justify use of the 4200 visit physician productivity standard and a statutory requirement to apply the standard, this paragraph is admitted

    9. To the extent that "principal FQHC responsibility" means being the regional contact for FQHC-related questions, conducting analysis reviews of proposed state Medicaid plan

amendments relating to FQHCs and making recommendations to the Associate Regional Administrator concerning the approval of proposed state Medicaid plan amendments relating to FQHCs, the defendant admits this paragraph. Deposition of Richard Pecorella, pp. 6, 34.[1]

    10. The defendant admits that the excerpts from Mr. Pecorella's deposition testimony are as quoted in this paragraph.

    11. The defendant admits that the excerpt from the September 12, 2001 communication, which was issued subsequent to the federal approval of the Connecticut amended state Medicaid plan, is accurate.

    12. The defendant admits the fact that Mr. Pecorella wrote a letter for the Associate Regional Administrator, Mr. Preston, which letter is included in Exhibit A of the plaintiff's Local Rule 9(a)(1) Statement.

    13. The defendant admits the fact that the letter identified in this paragraph provides as stated therein.

    14. The defendant admits that Mr. Pecorella testified at his deposition that CMS was concerned that the Connecticut state Medicaid plan, prior to its amendment in 2001, was not in conformance with Connecticut state law requiring the application of Medicare productivity standards, and Connecticut's actual practice of utilizing the Medicare 4200 visit physician productivity standard. The defendant further admits that Region 1 did not conduct its own analysis or study of the reasonableness of the 4200 visit screen at the time it reviewed the Connecticut amended state Medicaid plan in 2001 and that Mr. Pecorella testified at his deposition that "there was no question of reasonableness" with regard to the 4200 visit standard. Deposition of Richard Pecorella, p. 39. The assertion in paragraph 14 that "CMS was concerned

---

[1] The transcript of the Pecorella deposition is attached to the plaintiff's Local Rule 9(c)(1)

only with ensuring that the State's payment methodology was in compliance with the terms of the State plan amendment" is a conclusory statement. To the extent that it is deemed a statement of fact, it is denied.

## DISPUTED ISSUES OF MATERIAL FACT

The defendant does not believe there are any issues of material fact as to which there is a genuine issue to be tried. As noted above, the defendant does dispute whether certain of the plaintiff's assertions are material facts. To the extent these assertions are deemed material facts, the defendant demonstrates in her accompanying Opposition to Plaintiff's Motion for Summary Judgment that these assertions are unsupported by the evidence cited by the plaintiff. For these reasons, the defendant believes summary judgment should enter in her favor.

        DEFENDANT

        PATRICIA WILSON-COKER,
        COMMISSIONER OF THE STATE OF
        CONNECTICUT DEPARTMENT OF
        SOCIAL SERVICES

        RICHARD BLUMENTHAL
        ATTORNEY GENERAL

BY:  /s/_____
      Thomas J. Ring
      Assistant Attorney General
      Federal Bar No. ct08293
      55 Elm Street
      P.O. Box 120
      Hartford, CT  06141-0120
      Tel: (860) 808-5210
      Fax: (860) 808-5385
      Thomas.Ring@po.state.ct.us

---

Statement as Exhibit B.

# CERTIFICATION

I hereby certify that a copy of the foregoing Local Rule 56 (a)(2) Statement was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 14th day of November, 2005, first class postage prepaid to:

Attorney Richard R. Brown
Brown, Paindiris & Scott
100 Pearl Street
Hartford, CT 06103

Attorney James L. Feldesman
Feldesman, Tucker, Leifer, Eidell and Bank
2001 L Street, N.W.
Washington, D.C. 20036

Lauren M. Nash, Assistant United States Attorney
P.O. Box 1824
New Haven, CT 06508

Attorney Marilyn B. Fagelson
Murtha Cullina LLP
2 Whitney Avenue
P.O. Box 704
New Haven, CT 06503-0704

/s/_____
Thomas J. Ring
Assistant Attorney General